**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WILLIAM VANHOLTEN,

              Plaintiff,

v.                                      Case No. 3:15-cv-79-Orl-37MCR

UNITED STATES OF AMERICA,

              Defendant.

---

## ORDER

This cause is before the Court on the following:

1.     [Petitioner's] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), filed January 20, 2015;

2.     United States' Memorandum Opposing Petitioner's *Pro Se* Section 2255 Motion (Doc. 4), filed March 12, 2015; and

3.     [Petitioner's] Traverse to the Government's Response to his Section 2255 Motion (Doc. 6), filed April 14, 2015.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

Petitioner William Vanholten ("**Petitioner**") was arrested on June 13, 2012, during a traffic stop. (Doc. 1, ¶ 4; *see also United States v. Vanholten*, Case No. 3:12-cr-96-J-37MCR ("***Criminal Action***"), Doc. 6.) According to Petitioner, the Government alleged that "he had been in a car following another car which was discovered to be carrying 10 kilograms of cocaine." (Doc. 1, ¶ 4.)

On August 2, 2012, a jury found Petitioner guilty of one count of knowingly possessing, causing to be possessed, and aiding and abetting the possession, with intent to distribute, five or more kilograms of cocaine. (*Criminal Action*, Doc. 38.) As this was Petitioner's third conviction for a drug-related offense, the Court sentenced Petitioner to a mandatory minimum term of life imprisonment, pursuant to the sentencing enhancement in 21 U.S.C. § 851 ("**§ 851 Enhancement**"). (*Id.*, Doc. 58, Doc. 70, p. 4.) Petitioner appealed his conviction on evidentiary grounds (*see id.*, Docs. 59, 77), the U.S. Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction (*id.*, Docs. 77–78), and the U.S. Supreme Court denied his petition for writ of certiorari (*id.*, Doc. 79).

Proceeding *pro se*, and pursuant to 28 U.S.C. § 2255, Petitioner now moves to vacate, set aside, or correct his sentence on grounds of ineffective assistance of counsel and substantive violations of constitutional law. (Doc. 1 ("**Motion**").)[1] The Government responded (Doc. 4), and Petitioner replied. (Doc. 6.) The matter is ripe for the Court's adjudication.

## STANDARDS

### I.   General Requirements for § 2255 Motions

The Rules Governing § 2255 Proceedings lay out specific requirements for a § 2255 motion ("**Rules**"). *See* Rule 2(a)–(d), Rules Governing Section 2255 Proceedings

---

[1] The first eight pages of Petitioner's Motion are set forth on a standard form ("**Form Motion**"). The Form Motion is followed by thirteen pages of numbered paragraphs ("**Attached Pages**"), including: (1) general factual allegations incorporated into Petitioner's claims ("**Incorporated Allegations**"); and (2) a more fulsome explanation of three of Petitioner's claims. The last four pages of Petitioner's Motion appear to be a continuation of the Form Motion. Petitioner assigns duplicative page numbers to his Form Motion and Attached Pages. Consequently, throughout this Order, the Court cites the Form Motion by the page number in the Court's header and the Attached Pages by paragraph number.

in United States District Courts (2010); *see also Scott v. United States*, 8:07-cv-1027, 2007 WL 1747170, at *1 (M.D. Fla. June 18, 2007) (noting that the Middle District of Florida has adopted the Rules Governing § 2255 Proceedings). The Rules require that movants use a standard form for the motion, *see* Rule 2(c), specify all the grounds for relief, state the facts supporting each ground, and state the relief requested, *see* Rule 2(b)(1)–(3).

## II.   Ineffective Assistance of Counsel

To obtain § 2255 relief based on ineffective assistance of counsel, Petitioner must demonstrate that: (1) his counsel's performance was objectively unreasonable; and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## DISCUSSION

During the Criminal Action, Petitioner was represented by Kenneth Oliver Boston and Jeremy Lasnetski (collectively, "**Counsel**").[2] (*See Criminal Action*, Doc. 7 (documenting Boston's Notice of Appearance); *id.*, Doc. 50 (granting Boston's motion to withdraw and appointing Lasnetski to represent Petitioner).) Petitioner contends that Counsel provided him ineffective assistance: (1) during the plea process ("**Claim One**"); and (2) due to the individual and cumulative impact of multiple errors ("**Claim Two**").

---

[2] Boston represented Petitioner from his arrest through trial, and Lasnetski represented Petitioner at sentencing and on direct appeal. (Doc. 4, p. 3.)

(Doc. 1, pp. 5–7.) Petitioner also alleges substantive violations of: (1) *Alleyene v. United States*, 133 S. Ct. 2151 (2013) ("**Claim Three**"); and (2) the First, Fourth, Sixth and Eighth Amendments to the U.S. Constitution ("**Claim Four**"). (*Id.* at 7–9.) Finally, Petitioner moves for discovery, an evidentiary hearing, and appointment of counsel. (*Id.*, ¶¶ 56, 58, 60.) The Court will consider each of Petitioner's Claims in turn.

## I. Claim One

Petitioner first argues that Counsel provided him ineffective assistance by failing to negotiate a favorable plea agreement. (Doc. 1, p. 5.) Specifically, Petitioner asserts that "[C]ounsel could have but did not negotiate a plea agreement in which [Petitioner] would plead guilty and cooperate with the [G]overnment in exchange for the [G]overnment agreeing to dismiss the [§ 851 Enhancement]." (*Id.* ¶ 31.) The Government counters that it communicated its willingness to negotiate a plea agreement with Petitioner in exchange for information about other individuals selling large quantities of cocaine in the Middle District of Florida. (Doc. 4, pp. 6–7.) In his reply, Petitioner argues that he "did not want to be labeled a 'snitch,'" and "was not willing to provide evidence to the [G]overnment against anyone." (Doc. 6, p. 5.) Rather, Petitioner submits that he was willing to plead guilty "straight up"—without providing evidence—in exchange for dismissal of the § 851 Enhancement, which would have allowed the Government to avoid trial. (*Id.* at 5–6.)

As an initial matter, a review of the record in the Criminal Action reveals that, at sentencing,—in Petitioner's presence—the Government expressed its desire to cooperate with Petitioner to avoid the § 851 Enhancement. (*Criminal Action*, Doc. 70, pp. 5–6.) At that time, Counsel reiterated that Petitioner was not willing to cooperate. (*Id.* at 7.) Further, in his reply, Petitioner concedes that he "was not willing to provide evidence

to the [G]overnment against anyone." (Doc. 6, p. 5.) In light of Petitioner's stance, the Court cannot hold that Counsel's actions were objectively unreasonable.

Petitioner also cannot prove that he was prejudiced by Counsel's failure to negotiate a plea agreement that was favorable to him. Indeed, "a defendant has no right to be offered a plea, nor a federal right that the judge accept it." *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012). Additionally, because "[p]lea agreements and their terms are a matter of prosecutorial discretion," "the government is not required to accept any plea deal offered by a defendant." *Cummings v. United States*, No. CV 112-124, 2013 WL 2422889, at *8 (S.D. Ga. June 3, 2013). "A petitioner thus fails to establish that he was prejudiced by counsel's failure to negotiate a more favorable plea agreement with nothing more than the bald assertion that such an agreement was possible." *Id.* As Petitioner cannot meet either prong of *Strickland*, Claim One fails.

## II.   Claim Two

Next, Petitioner maintains that the individual and cumulative effect of multiple errors by Counsel violated his Sixth Amendment right to effective assistance of counsel. (Doc. 1, ¶ 44.) In particular, Petitioner contends that Counsel failed to: (1) effectively move to suppress evidence; (2) investigate or present available, material, and exculpatory evidence; (3) timely object to the Government's unlawful admission of evidence; (4) timely request appropriate jury instructions and timely object to insufficient instructions; (5) investigate or present available evidence and legal authority at sentencing and object to unlawful, false, and unreliable evidence used to determine his guideline sentencing range; and (6) investigate or present the strongest issues available to Petitioner on direct appeal. (*Id.* ¶¶ 38–42.) Additionally, Petitioner argues that Counsel

labored under an actual conflict of interest, which adversely affected their performance during the pretrial, plea, trial, sentencing, and direct appeal processes. (*Id.* ¶ 43.)

Petitioner's first alleged error is that "Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to his conviction and/or sentence" and that Petitioner was prejudiced by such error. (*See* Doc. 1, ¶ 38.) The following Incorporated Allegations support his claim: (1) on June 22, 2012, the Court issued a scheduling order, which specified that motions to suppress must be filed on or before **July 13, 2012** ("**MTS Deadline**"); (2) on July 25, 2012—after the MTS Deadline— the Government provided Petitioner with video footage of the traffic stop depicting Petitioner's arrest ("**Traffic Video**"); (3) on July 30, 2012, Counsel filed a motion to suppress ("**MTS**"), arguing that the Government's delay in providing Petitioner with the Traffic Video constituted good cause to extend the MTS Deadline; (4) on August 1, 2012—the first day of trial—the Court denied Petitioner's MTS as untimely; and (5) consequently, the Traffic Video was admitted at trial and was material to Petitioner's conviction. (Doc. 1, ¶¶ 7–8, 11, 14, 16, 36.)

Even if Counsel's actions were objectively unreasonable, Petitioner fails to establish that he was prejudiced by such error. To demonstrate actual prejudice "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

In the Criminal Action, Counsel argued on direct appeal that the Court's denial of

Petitioner's MTS was an abuse of discretion. (Doc. 1, ¶ 23.) The Eleventh Circuit ultimately denied Petitioner's appeal and found that the Court did not abuse its discretion in denying Petitioner's untimely MTS. (*Criminal Action*, Doc. 77, p. 6.) More importantly, the Eleventh Circuit went on to conclude that—even if the Court had abused its discretion—"[g]iven the other evidence proffered by the [G]overnment, . . . there is not a reasonably probability that the [Traffic Video] tilted the scale to a conviction." (*Id.* at 6–7.) In light of the Eleventh Circuit's ruling that any error was not prejudicial, the Court rejects Petitioner's contention that Counsel's actions in litigating the MTS constituted ineffective assistance of counsel.[3]

Petitioner's remaining allegations of error—even construed liberally—are wholly conclusory and unsupported by any facts within his Motion.[4] Such allegations cannot support an ineffective assistance of counsel claim and are, therefore, rejected. *See United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)[5] (concluding that petitioner's conclusory statement was insufficient to state a constitutional claim where he failed to state any facts in support of his allegations); *see also Moss v. United States*, No. 8:06-cr-464, 2010 WL 4056032, at *14 (M.D. Fla. Oct. 15, 2010) ("[V]ague, conclusory, speculative or

---

[3] To the extent that Petitioner intends for the Incorporated Allegations to support an argument that Counsel unreasonably failed to object to the admission of Petitioner's prior convictions at sentencing, the Court rejects such argument as meritless, pursuant to its analysis of Claim Three. *See infra* Discussion, Part III.

[4] It is appears that Petitioner is aware of the insufficiency of these allegations. Though he states that "[t]he allegations set forth . . . in ¶¶ 39-43 herein are alleged on information and belief," he concedes that they "are also pleaded to protect the record . . . in the event of a change in the law or new facts or circumstances which come to light during the litigation of this [M]otion." (Doc. 1, ¶ 62.)

[5] All decisions handed down by the U.S. Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1208 (11th Cir. 1981).

unsupported claims cannot support an ineffective assistance of counsel claim.").

## III.    Claim Three

Petitioner also contends that his sentence is a substantive violation of *Alleyene*. (Doc. 1, p. 6.) Specifically, Petitioner argues that his sentence violates "his Sixth Amendment constitutional right to 'notice' and a 'jury trial' because his prior conviction[s] upon which his mandatory minimum sentence of life incarceration was premised [were] not pleaded in [the] indictment, presented to the jury, found beyond a reasonable doubt or admitted by [Petitioner]." (*Id.* ¶ 46.)

In *Alleyene*, the U.S. Supreme Court held that:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155. Nonetheless, the *Alleyene* Court explicitly declined to disturb "the narrow exception to this general rule for the fact of a prior conviction," which it previously recognized in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).[6] *Id.* at 2160 n.1. Consequently, the Court rejects Petitioner's argument that the prior convictions upon which his sentence was premised required jury determination. (*See* Doc. 1, ¶ 46.)[7]

---

[6] The *Almendarez-Torres* Court held that where a penalty provision simply authorizes a court to increase the sentence for a recidivist, it does not define a separate crime and, thus, neither the statute nor the Constitution requires the Government to charge an earlier conviction in the indictment. 523 U.S. at 226–27.

[7] Moreover, contrary to Petitioner's contention that he did not admit to his prior convictions (Doc. 1, ¶ 46), a review of the record reveals that Petitioner confirmed the validity of his prior convictions at sentencing, pursuant to 21 U.S.C. § 851(b). (*Criminal Action*, Doc. 70, pp. 8–9.)

## IV.    Claim Four

Petitioner also argues that his conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments to the U.S. Constitution. (Doc. 1, p. 8.) In his Form Motion, Petitioner lists the "supporting facts" for Claim Four as follows:

> Mr. Vanholten's Conviction And Sentence are Violative Of His Right To Freedom Of Speech And To Petition, His Right to Be Free of Unreasonable Search And Seizure, His Right to Due Process Of Law, His Rights To Counsel, To Jury Trial, To Confrontation of Witnesses, To Present A Defense, And To Compulsory Process, And To Be Free Of Cruel And Unusual Punishment Under the Constitution.

*Id.* Unlike Claims One through Three, Petitioner does not elaborate on Claim Four in the Attached Pages, nor does he incorporate any facts by reference.[8] In the absence of any genuine supporting facts, Petitioner's allegations in Claim Four are patently insufficient to warrant relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]")

## V.    Requests for Discovery, Evidentiary Hearing, and Appointment of Counsel

Finally, Petitioner requests an evidentiary hearing and moves for discovery and appointment of counsel. (Doc. 1, ¶¶ 56, 58, 60.)

A habeas petitioner is not entitled to discovery as a matter of course, but may obtain leave to conduct discovery upon a showing of good cause. *See Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).

---

[8] As the Court previously noted, *supra* note 4, Petitioner appears to acknowledge the inadequacy of his factual allegations, as evidenced by his statement that "[t]he allegations set forth in '[Claim] Four' of the [Form Motion] . . . are also pleaded to protect the record . . . in the event of a change in law or new facts or circumstances which come to light during the litigation of this [M]otion." (Doc. 1, ¶ 62.)

"Good cause is demonstrated 'where specific allegations show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Id.* at 1310–11 (same (alterations omitted)). Similarly, the Court is not required to hold an evidentiary hearing if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." *Vick v. United States*, 730 F.2d 707, 708 (1984) (quoting 28 U.S.C. § 2255). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." *Id.* (quoting *Griffin v. United States*, 588 F.2d 521, 520–21 (5th Cir. 1979)).

Here, Petitioner's Claims are either foreclosed by law or facially insufficient; thus, the Court finds that he is not entitled to relief. By extension, Petitioner's requests for discovery and an evidentiary hearing are due to be denied. The Court also declines to appoint counsel for petitioner. *See Johnson v. Avery,* 393 U.S. 483, 487–88 (1969) (recognizing that federal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial evaluation and the court has determined that the issues presented call for an evidentiary hearing).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      [Petitioner's] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**.

2.      The case is **DISMISSED**.

3.      The Clerk is **DIRECTED** to close this case and terminate the motion at Doc. 80 in *United States v. Vanholten*, Case No. 3:12-cr-96-J-37MCR.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 25, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

*Pro Se* Party

Counsel of Record